Associates v. Professionals Direct Insurance Company Good morning. May it please the court, my name is Michael Marano. I represent the appellant Edward T. Joyce & Associates in this matter. The two issues presented by this case are whether there was coverage under a lawyer's professional liability policy for an arbitration award that was based on the Joyce firm's failure to provide their clients with certain advice and certain disclosures that are imposed and required under the Illinois Rules of Professional Conduct and related case law. In situations where that lawyer is negotiating a new fee agreement with an existing client. The district court determined that there was no coverage, not because this type of claim is not typically covered under a lawyer's professional liability policy. Rather, the district court held that coverage was excluded under a policy provision that states the policy does not apply to claims for fines, sanctions, penalties, and punitive damages.  Even though there was no claim for sanctions made in this case and no sanctions were sought by the underlying claimants in the arbitration proceedings. The second issue, assuming you agree with the court's decision on the applicability of the claim for sanction exclusion. The next issue is whether the insurance company, PDIC in this case, should have been a stop from relying on or asserting that policy exclusion by reason of its breach of the insurance contract by failing to pay for the Joyce firm's defense. Or whether, as the district court determined, the estoppel argument was not sufficiently developed and waived in the proceedings below. On the sanctions issue, as I said, the policy provides that it does not apply to claims for fines, sanctions, penalties, punitive damages. There's no claim that any of this type of relief was made in this arbitration proceeding. If you look at the claim that was made, they didn't seek that. What they did seek was a claim for breach of fiduciary duty, a claim for breach of contract, and a claim for conversion. And the relief they sought with respect to all of the claims was forfeiture of fees, damages, and there's a laundry list in the prayer for relief in that complaint. The claim that the underlying claimant succeeded on in the proceeding below was a claim for breach of fiduciary duty. Again, based on the Joyce firm's failure to comply with certain professional obligations when it negotiated its new fee agreement with its clients. The relief they sought in that claim was a forfeiture or disgorgement of a portion of their fees. Actually, they requested a forfeiture or disgorgement of all the fees the Joyce firm had earned in connection with all matters it had been involved in on behalf of these clients. And the relief that was granted on that breach of fiduciary duty claim was a parcel disgorgement of the fees the Joyce firm earned and a requirement that the Joyce firm reimburse the clients for fees that their co-counsel in the insurance coverage action had received. And the lion's share of the award is the disgorgement of the fees that the law firm was paid. So why isn't this barred by the attorney's fees exclusion? Because the underlying claim, as the district court found, the underlying claim, when you think about a claim for attorney's fees in a case, isn't a claim you make against a lawyer, for example, for failure to make a disclosure of a conflict, which is a common problem. A lawyer may fail to... Well, there's many species of fee disputes, and this is one of them. And what was sought and proved and awarded was a disgorgement of attorney's fees. So it seems to me that this is squarely, at least the larger share of the award, the $150,000 that they were required to pay as damages for the breach of fiduciary duty, and that was the 25% of the fees that were paid to the coverage firm. That's a separate question, but the $400-and-some-odd-thousand-dollar part of the award is a disgorgement of attorney's fees. Right. I agree with you there. And so it clearly, it seems to me, falls within the attorney's fees exclusion. Well, the exclusion in the policy is for claims for attorney's fees paid to the insured. The claim in this case, as in many malpractice cases, is that the Joyce firm breached a duty to disclose essentially a conflict in this case. They're negotiating a fee agreement with an existing client. The client, they have a conflict because they're interested in their own self-interest. Right. It's a breach of fiduciary duty. That was the claim that was adjudicated in favor of the claimants, and the remedy for that was a disgorgement of the fees. Right. But the remedy for that is a disgorgement of fees. The claim was for breach of that fiduciary duty to disclose the conflict. Right. It was a fight over the amount of the attorney's fees that were paid. The claimants didn't think they should have to pay extra. Well, the case was a little bit confusing. There was clearly a claim for attorney's fees in this case, and that was the breach of contract claim that was made, where the underlying claimant said, this case and the fees that we owe the Joyce firm should be determined under a contingent fee contract. And that clearly is a claim, and we don't dispute, is a claim for attorney's fees, a dispute about how much is owed to the attorneys. And that claim, and PDIC relies on the Pertucci case, which is a very similar claim, where the claim in that case was, is that the Pertucci plaintiff's lawyer had calculated their fee based on a contingent fee agreement, rather than an Illinois statute that limits their fees in medical malpractice cases. So the court in that case said, well, once the attorney-client representation is over, and you're talking about calculating fees, that's the type of fee dispute. But there's nothing in that case that stands for the proposition that that's the only kind of fee dispute there is, and certainly not for purposes of the exclusion in this malpractice insurance policy. There are many different kinds of fee disputes. Some sound in breach of contract, some sound in breach of fiduciary duty, et cetera. And this one, all bases of liability for disgorgement were alleged. One was proven, and the firm was required to disgorge its fees. And it seems to me that is squarely within the attorney's fees exclusion. I understand what you're saying, but we're talking about a malpractice case. Let's say the claim was that the attorney failed to disclose a conflict. And the courts can't put a number on, well, what was your damage? What was your monetary out-of-pocket loss as a result of that conflict? Courts in those situations typically award a fee, a portion of the fees. Right, and there's a different kind of a conflict of interest that was alleged as the foundation for the breach of fiduciary duty claim in this case, in this arbitration, which is that the law firm didn't fully educate the client about its own conflict because it was a co-claimant. Correct, correct. It was certainly a... You know, it's just a different species of breach of fiduciary duty, but the remedy is the same, give up the fees. So it's a fee dispute. Well, that would mean that every conflict case where the courts award fees and say you didn't essentially get the benefit of the bargain from your lawyer, your lawyer didn't give you the proper advice, he didn't disclose his conflict, and, you know, we can't put a number on how that harmed you, but we're going to say that a portion of what that lawyer earned should be returned to you, then every single case like that would be considered a fee dispute. And it's really not. It's really not. And this case really wasn't a... There was a claim for what is legitimately a fee dispute about how your fees are calculated. But in this case, the decision was based on failure to disclose a conflict. And as the court said, as the district court said, relying on the arbitrator's decision, he said what happened here is because of this failure to disclose, there was no agreement, no meeting of the minds, or no contract made, and therefore we're going to have the Joyce firm reimburse the client for a portion of its fees. It wasn't a dispute over a fee. It wasn't the Joyce firm, you know, saying you charged us too much. It wasn't that at all, Your Honor. It wasn't you charged us too much. The decision wasn't based on a claim that you charged us too much. The decision was based on a claim that you breached a disclosure requirement and that the remedy for that, since we can't put a number on how, you know, that happened before the engagement really began, we can't put a number on how you were harmed at that point by that breach, what they do is they say we're going to cause the attorney to reimburse a portion of that fee that they earned because, in a sense, the client didn't get the benefit of the full advice and proper advice of the attorney, so they didn't get what they paid for. Again, you have to look at the type of insurance being provided here, I think, when analyzing this claim, and, you know, lawyers anticipate that, look, if I'm going to be subject to a claim that I didn't disclose something I should have disclosed as required by the rules of professional conduct, that I would expect that I'm going to be covered for that claim. Illinois case law is clear on that, that any claim for a breach of a duty to disclose a conflict is a malpractice claim, it is a breach of fiduciary claim, and it implicates the professional liability of the attorney. If we now say that, well, if the judge or the arbitrator fashions a remedy that involves a reimbursement of a fee for that kind of conflict, then it takes it outside the realm of professional malpractice. Let me give you a simple case. The attorney signs a contingent fee contract with the client providing for one-third of the recovery. Recovery is made and the lawyer takes half of it, and an arbitration follows in which the client says the lawyer took too much and violated his professional duties by doing it. The arbitrator says, that's right, it is a violation of professional duties and a conflict of interest to take more than the contract provides, you have to give it back. As I understand your argument, the difference between one-third and one-half can now be collected from the insurer because the arbitrator said you had to give it back because it was a violation of your duty to have taken it at all. No, not at all, Your Honor. Tell me why that's not the implication of your argument in this very case. Because the argument you're saying is a classic fee dispute. I thought we had an agreement that says... This very case looks like a classic fee dispute for the same reason. There is an argument that the lawyer violated his professional duties in some way, and as a result of that violation, the fee exceeded the amount he could legally claim. The arbitrator says the amount you can legally claim is X. No, I think what the arbitrator said is that because you violated your duty in this case, that there was no agreement that was reached with the client, so it wasn't you got too much.  And that's why you can't retain what you took, even if you think Quantum Meroweth supports it. Because that's surely what the lawyer would have said. I'm entitled to this matter of Quantum Meroweth even if the client didn't agree to give it to me. And the lawyer says, no, this is not the way the world works. This case really arises out of an Illinois Supreme Court case. I just don't see how you could win in this case and then not win in every case with a fee dispute because the only way a lawyer loses a fee dispute is following a conclusion by some tribunal that the lawyer has violated his duties to his client. No, I don't think that's the case at all, Judge. For example, had the arbitrator in this case said, you're correct, plaintiff, that the fee in this case should have been calculated in accordance with the fee agreement, the contingent fee agreement you signed back in 2002, then we wouldn't have a claim under the insurance contract to recover the difference between the amount we charged and the amount the arbitrator said we would have had to pay. In Bertucci, the court said, you don't get to recover the difference between the amount you charged and the amount you were obligated to receive under the Illinois statute. You don't get to collect that from the insurance company. Those are fee disputes. That's a classic fee dispute. But when I breach a fiduciary due to my client by not disclosing something I'm required to do, and the courts say, well, okay, well, what's the damage remedy here? You really can't put a number on it. So what we do is we say, in effect, you didn't get the benefit of the bargain with your lawyer, your lawyer didn't provide the advice he should have provided you, and we're going to reimburse, cause you to reimburse a portion of your fee. I don't think that's the same thing, and I don't think that's the situation you described, Your Honor. I think it's an entirely different thing. And if that's the case, if that's the case, then I think the policy should say that. And in this case, in Bertucci, the policy specifically says that damages do not include any recovery of legal fees, whether by forfeiture, disgorgement, or any other way. And that's what this policy should have said. Bertucci's policy says that, and that's legitimate. But in a case where the policy just says any dispute for legal fees, I don't think it's quite as clear as you say that just because the arbitrator awards legal fees, you're out of luck and you don't get coverage. I see my time is up. Thank you very much. Thank you, Counsel.  Good morning. May it please the Court? I believe we're basically in agreement regarding the issue of Joyce's disgorgement of his own fee, and that clearly this isn't a malpractice case. There aren't any allegations that he performed any errors or omissions in his performance of legal services, and this is a fee dispute. In fact, they are saying you charged us too much by saying we entered into a contingent agreement, and then you later tried to charge us hourly fees, and as a result we're demanding a fee forfeiture. So I think the issue that Your Honor considered to be distinct was the second component of the sanctions awarded by the arbitrator, which was the award of a percentage of local council fees. With respect to this, I would say this is still awarded as a component of a claim for fees. The policy exclusions phrase the lack of coverage as a claim for legal fees or a claim for sanctions. A claim is defined in the policy as a demand. Well, the attorney's fees exclusion applies to any claim for legal fees, costs, or disbursements paid or owed to you, and 25% of the coverage firm's fees, that aspect, $150,000 of the award, that aspect of the award had nothing to do with fees paid to the Joyce firm. It had to do with the Joyce firm's breach of fiduciary duty with respect to its status as a claimant against the insurance companies to recover its 25% of the award and the underlying arbitration. Yes, Your Honor, but that was awarded as a sanction, as a remedy for a claim for fees. I don't think the sanction argument is very viable. The attorney's fees one may be, but the fact that the arbitrator used the word sanction a couple of times and that the Illinois Supreme Court in confirming the award, excuse me, the Illinois Appellate Court in confirming the award used the word sanction a couple of times isn't dispositive. What's really important is what was sought, what was awarded, and why. You know, we don't, the label is not dispositive. It doesn't conclusively resolve the question. Yes. And for lawyer misconduct, only the state Supreme Court has the authority to issue what we would customarily understand as a sanction for a violation of the rules of professional conduct. Everything else is a remedy of some sort, damages, restitution, disgorgement, et cetera. Yes, and the way the exclusions are phrased in the PDIC policy is they are not tied to the nature of the damages. They're tied to the nature of the claim. So claim is defined as the demand, and at the time the arbitrator entered this award, the only claim that was left was the claim for fee forfeiture. He disallowed the conversion claim and found there was no breach of contract because there was no existing fee contract. So the only relief awarded was based solely on the claim for fees. For fee forfeiture, and that's the $400,000 component of the award. The $150,000 is damages that the firm was required to pay in addition to forfeiture of its fees. Yes, but as a component of relief in the claim for fees, because the policy doesn't exclude damages in the form of legal fees, it doesn't limit the exclusion, saying we only exclude damages for sanctions, we only exclude damages for fees. It eliminates coverage for claims for fees. So the entire claim itself is not covered under the exclusion regardless of what remedy or damages are awarded pursuant to that claim. We'd either be looking at the nature of the damages or the nature of the claim, and the nature of the claim in this case was a claim for fee forfeiture. Well, that's how we analyze duty to defend cases. Once there's been an award on a duty to indemnify claim in insurance coverage disputes, we look at what was awarded and why to see if there's indemnification coverage. Your focus on what the claim is for is certainly important on a duty to defend, but that's not where we're at here. Well, I'm focused on what the claim is for because that's the way that the exclusion is worded. In some policies, the policy will state we don't cover damages as a reason. Damages do not include return of fees or damages do not include sanctions. But this policy states the policy does not apply to claims for legal fees paid or owed to you. So the only claim that was asserted against Joyce was the claim for legal fees paid or owed to you. So the nature of the damages were still awarded as a component of that claim. So when I focus on the nature of the claim, I'm doing that because that's the policy language. But I would also say that this disgorgement, they referred to it as an equitable disgorgement, and I recognize Your Honor doesn't agree that the court had authority to enter an award of sanctions, and certainly Mr. Joyce doesn't believe that he deserved to have an award of sanctions entered against him. But there was an award of sanctions entered against him. It isn't something that we're litigating here. We're only litigating whether an award of sanctions is covered under the policy. But also just within the scope of coverage, Illinois courts are clear that restitution and disgorgement claims are not damages as a matter of Illinois law, whether it's phrased as damages or as a loss. So these, in this, it wasn't, it's restitutionary in nature. The court, by ordering him to pay 25% of the local council fees, what the court held was that these fees were really incurred for the purpose of collecting Joyce's fee and that the efforts made by local council were reflecting something they were doing for the benefit of Joyce, not the benefit of his client. What's your authority for the statement you just made about Illinois courts not recognizing restitution as a measure of damages? I'm sorry, covered damages under an insurance policy, that claims for disgorgement or restitution do not constitute damages. That would be this court's opinions in Level 3 and Ryerson. There's a northern district opinion in Duxon, and there's an Illinois state court opinion in Local 705. I'm holding that disgorgement and restitution claims are not damages, that the claims are, sorry. I think you're stating it as a categorical rule, and I don't think those cases support that proposition. They may be specific applications of the idea that you can't insure against disgorgement, or you can't insure against restitution as a general proposition, but I don't think that's a categorical foreclosure of all insurable interests in this domain. Well, I mean, the way we read, I mean, it sort of wasn't addressed in the underlying case, but that restitution, even if it's, I mean, when you look at the Ryerson decision, even if it's an innocent mistake, restitution, it states that restitution is not insurable, and it's not intended to be a punitive measure. It's just an avoidance of some type of windfall. So if this arbitrator here held that Joyce should have paid the 25% fees incurred by counsel because they were acting on his behalf, those are fees that he should have paid, not his insurance carrier. He wasn't suffering a loss. The real problem in the Ryerson case was that there was a fraud, and the insured was seeking coverage for a fraud, right? But the Ryerson court said that whether a claim for restitution is based on fraud or on some other deliberate tortious or criminal act or at the other extreme of the restitution spectrum, merely on an innocent mistake or the rendition of a service for which compensation is expected but contracting is infeasible, it goes on and on, that regardless of what the level of culpability is, a claim for damages in the proper sense of the word is different, that he's not being ordered to pay damages to someone for a harm that he's committed. The court has concluded that this is something he owes, something he would be unjustly enriched by, that if he, like for instance, if he were to keep the fees that the court found were not deserved, if the insurance carrier pays them, that's a windfall to the insured. It's not a reflection of damages to the claimant. I'd say similarly with the 25%, the court held that he should have paid those local counsel fees because they were solely for his benefit and not the benefit of his client. So by ordering his insurance carrier to pay those fees, that's a windfall to him. It's not the same as paying damages incurred because of an act or omission on his part, which is what the policy is intended to cover. Go ahead. And then finally, just on the estoppel argument, obviously if there's no coverage, there's no estoppel, but also it's set forth in the record that although there was some delay in payment, certainly there was no denial or refusal to pay the defense cost incurred up until the award was entered. So without this breach, there can't be an estoppel that they did agree to defend and they did defend. No further questions? I'll step down. Thank you very much, Counsel. Case is taken under advisement.